IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MCKENNA; et al., | : NO. 07-110 |
| | : |
| -vs- | : Civil Action |
| | : |
| CITY OF PHILADELPHIA; et al. | : |

**PLAINTIFF'S AMENDED PETITION FOR AN AWARD ATTORNEY FEES PURSUANT TO 42 U.S.C. 1988 AND TO FIX COSTS PURSUANT TO 28 U.S.C. 1920 AND AWARD INTEREST AND DELAY DAMAGES**

Plaintiff for the facts and argument of law made in the moving papers and supporting memorandum of law for an award of counsel fees, award of litigation costs, delay damages and post judgment interest under Fed. Rule of Civil Pro. 59(e), 42 USC 1988 and 28 USC 1920, submits the proposed order should be entered as the Court's order; and in support of same plaintiff Tim McKenna though counsel says:

1. Petitioner is the Plaintiff who is the prevailing party in the instant action.

2. As a Plaintiff the Petitioner pursuant to 42 U.S.C. 1983 commenced a Civil Rights Action against the City of Philadelphia Richard Jericho, Debra Kelly and Mark Stoots.

3. On September 14, 2007 a Verdict was entered for the Plaintiff and against Andrew Jericho. The verdict by a Jury of 8 was converted by the Court to a Judgment, which judgment was entered in the amount of $150,000. 00 (for compensatory damages) and docketed on September 17, 2007.

4. Petitioner pursuant to 42 U.S.C. 1988 is statutorily entitled as the prevailing party to recover attorney fees.

5. Petitioner pursuant to Rule of Court and Local Civil procedural Rule 42(d) is entitled to recover Costs from any party for petitioner's litigation costs. Pursuant to 28 U.S.C. 1920 Petitioner is statutorily entitled as the prevailing party to recover costs of litigation that include the costs of depositions, copy charges, docketing fees to the Clerk, and fees for printing and for witnesses.

6. Plaintiff has counsel fees for the representation by Kravitz and Puricelli Law Firm, Brian M. Puricelli, Esquire, and Theodore M. Kravitz, whose reasonable fees as counsel for the prevailing party were within the Philadelphia metro market place for attorneys, and rates that have already been approved for counsel by the United States District Court for the Eastern District of Pennsylvania.

7. Plaintiff Counsel's fees are reasonable and the work done for the fee was reasonable and necessary for the result achieved; these fees are set forth in Exhibit "A" though "D" which Exhibits are incorporated hereto as if written verbatim.

8. Plaintiff expended litigation costs for depositions, copy charges, docketing fees to the Clerk, fees for printing, and witness fees, which Costs are outlined, documented, and supported by Exhibits A and attachment 2; this Exhibit is incorporated hereto as if written verbatim.

9. An award of attorney fees and costs will serve the public interest as well as the purpose of the Civil Rights Act; in that, an Award will encourage and make possible future litigation to vindicate the constitutional rights of other persons.

10. The attorney fees and costs are fair and reasonable, are properly documented, were necessarily incurred by the prevailing party for the litigation, and the attorney fees are charged at the prevailing market rate for attorneys with the years experience and qualifications in the civil rights area of law and in the Philadelphia metropolitan area.

11. Under 28 U.S.C. § 1961 the plaintiff is entitled to post judgment interest on any money judgment in a civil case in the district court.

12. 28 U.S.C. §1961 provides in relevant part that, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary

of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment."

13. Four justices of the U.S. Supreme Court have reasoned, without disagreement, the words of Section 1961 – "interest shall be calculated from the date of the entry of the judgment" – limits interest to that which may be entered from the date of judgment, or post-judgment. *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 859 (1990) (White, J., concurring, joined by three other justices).

14. The Parties, it is submitted, do not disagree on how the interest rate is determined or how interest is to be calculated. In that the method is to simply go back one week from the date of judgment (here September 14, 2007) and locate the treasure rate, which for this matter and as published is 4.27 %. There thus can be no dispute that interest and what the rate is to be is properly granted under law on the judgment award, including for attorney fees.

15. The judgment of attorney fees in this matter is a money judgment from a civil judgment by a District Court.

16. The Judgment of the jury award has not been satisfied by the Defendant, nor the City which is under Pennsylvania law statutorily obligated to indemnify satisfy the judgment for the defendant employee, Anthony Jericho.

17. The City does not indicate it will not satisfy the Judgment, and rightfully so, as under the Police Collective Bargaining Agreement and state law, the City must indemnify its employee police officers, such as defendant judgment debtor Jericho, and satisfy the judgment. Nevertheless, this Court should issue an order that grants the Plaintiff 28 U.S.C. § 1961 interest on the judgment and attorney fee judgment award.

18. The interest rate by which such interest is calculated and the method of calculation is within the Court's discretion, for pre judgment (delay damages) is set by Pennsylvania Law, and post judgment interest is set by federal law

19.     Whether to award pre-judgment interest, the interest rate by which such interest is in this Court 's discretion, the Court may award both pre judgment interest. See <u>Booker v. Taylor Milk Co., Inc</u>., 64 F.3d 860, 868 (3d Cir. 1995) and <u>Starceski v. Westinghouse Electric Corp.,</u> 54 F.3d 1089 (3d Cir.1995).

20.     Given there was no offer by the City to settle, but to go to trial, this Court should also grant the plaintiff delay damages of 10 of the jury verdict award of $15,000.00.

WHEREFORE, Plaintiff prays that this Court approve the Fee Petition, Bill of Cost, and enter the amount as a judgment against the Defendant with post interest and delay damages.

Date 9/21/2007                                                              KRAVITZ AND PURICELLI

                                            BY:   *Brian M. Puricelli*/S/
                                                  ECF Signature BMP3198
                                                  Brian M. Puricelli, Esquire
                                                  Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MCKENNA; et al., | : NO. 07-110 |
| | : |
| -vs- | : Civil Action |
| | : |
| CITY OF PHILADELPHIA; et al. | : |

## ORDER

**AND NOW**, this       day of          , 2006 upon consideration of Plaintiff's Petition for Attorney Fees and Costs pursuant to 42 U.S.C. 1988 and 28 U.S.C. 1920, the response by Defendants, if any, and it appearing to the Court that Plaintiff is a prevailing party under 42 U.S.C. 1988 and that Fees and Costs are authorized, and properly awarded under statute and law, and it further appearing that the time and cost were necessarily expended for the litigation and were reasonable and customary for the civil rights marker in Philadelphia, **IT IS ORDERED** that the Petition is **GRANTED** and Cost Awarded.

**IT IS FURTHER ORDERED** that in addition to the $150,000.00 Judgment that was entered for Plaintiff and against Defendant Andrew Jericho a Judgment is entered against Andrew Jericho in the amount of $ _____ for reasonable attorney fees, and in the amount of $          for Costs.  Delay damages of $ _____ are awarded and interest at 4.27% the rate of set forth by law (28 USC 1961).

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MCKENNA; et al.,      : NO. 07-110
                              :
     -vs-                     : Civil Action
                              :
CITY OF PHILADELPHIA; et al.  :

**PLAINTIFF'S FEE PETITION EXHIBITS
INCORPORATED FROM THE RECORD**

EXHIBIT A
Declaration and time for Attorney Brian M. Puricelli

EXHIBIT B
Declaration of Brian M. Puricelli for Bill of Costs

EXHIBIT C
Bill of Costs and Supporting Exhibits

EXHIBIT D
Declaration and Time for Theodore M. Kravitz

EXHIBIT E
Supporting Declarations

**CERTIFICATE OF SERVICE**

     I, Brian M Puricelli, Esquire, hereby certify that a true and correct copy of the foregoing Amended Motion for Attorney Fees and Costs, and Interest, with supporting materials was served this date via ECF and that a copy is available for inspection with the Clerk through the ECF/PACER system; however, if not registered then service was by United States Mail, postage-paid, on Counsel as follows:

        Gregory Straw, Esquire
        Mark Maguire, Esquire
        Office of the City Solicitor
        City of Philadelphia
        One Parkway, 14th Floor
        1515 Arch Street
        Philadelphia, PA 19102-1595

DATED: September 24, 2007