# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MCKENNA, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | **NO. 07-110** |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2006, upon

consideration of the Motion for Attorney's Fees and Costs and the Response in Opposition

thereto, it is hereby **ORDERED** and **DECREED** that plaintiffs' counsel shall be awarded

counsel fees in the amount of **$19,506.08**.  Further, plaintiffs' request for interest and delay

damages is hereby **DENIED**.

**SO ORDERED:**


_____
**HONORABLE J. WILLIAM DITTER, JR.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL MCKENNA, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | **NO. 07-110** |
| | : | |
| **Defendants** | : | |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED
PETITION FOR ATTORNEY'S FEES, COSTS, INTEREST AND DELAY DAMAGES**

Defendants, City of Philadelphia[1], Police Officer Andrew Jericho, Sergeant Jonathan Josey, Sergeant Mark Stoots and Captain Deborah Kelly, hereby oppose plaintiffs' Amended Petition for Attorney's Fees, Costs, Interest and Delay Damages. Plaintiff's Amended Petition is misleading and misstates the law as applicable to Plaintiffs' extremely limited success on the merits of the case.

1.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. By way of further response, Plaintiff Timothy McKenna was the only Plaintiff, out of four plaintiffs, who was successful on one claim, False Arrest, out of four claims, as against one of five Defendants.

2.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. By way of further response, Plaintiffs, Timothy McKenna, Michael McKenna, Beth McKenna and Patricia Sullivan, commenced a Civil Rights Action against City of Philadelphia, Police Officer Andrew Jericho (who Plaintiff's counsel incorrectly identifies as

---

[1]     Defendant City of Philadelphia's Motion for Summary Judgment was granted by Order of this Court dated August 15, 2007.

"Richard Jericho" in his Petition), Sergeant Jonathan Josey, Sergeant Mark Stoots and Captain Deborah Kelly

3.      Denied as stated.  On September 14, 2007, a jury of eight returned a verdict in favor of one Plaintiff, Timothy McKenna, on one claim, False Arrest, against one Defendant, Andrew Jericho.  The Court docketed the judgment in the amount of $150,000.00 to Plaintiff Timothy McKenna on September 17, 2007.

4.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  By way of further response, the jury found in favor of only one Plaintiff, Timothy McKenna, on one claim, False Arrest, as against one Defendant, Andrew Jericho.

5.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

6.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

7.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

8.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

9.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

10.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

11.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

12.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

13.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

14.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

15.     Denied.

16.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

17.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

18.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

19.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, see Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees, which is incorporated herein.

20.     Denied.

WHEREFORE, Defendants pray that this Honorable Court enter an award of attorney's fees consistent with the amounts set forth in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorney's Fees and deny Plaintiffs' Petition for Costs, Interest and Delay Damages.

Respectfully submitted,

BY: _____CS963_____

CRAIG M. STRAW
DIVISIONAL DEPUTY CITY SOLICITOR
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5440

Dated: _____October 3, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL MCKENNA, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | **NO. 07-110** |
| | : | |
| **Defendants** | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' AMENDED PETITION FOR ATTORNEY'S FEES, COSTS,
INTEREST AND DELAY DAMAGES**

Defendants respectfully submit this memorandum of law in opposition to plaintiffs' amended petition for award of attorney's fees, costs, interest and damages. For the reasons explained herein, defendants request that plaintiffs' be awarded attorneys' fees not to exceed **$17,446.08 to Mr. Puricelli and $2,060.00 to Mr. Kravitz**.

**I.     INTRODUCTION**

On January 10, 2007, plaintiffs Michael McKenna, Beth McKenna, Timothy McKenna and Patricia Sullivan filed this action against the City of Philadelphia and three (3) individual police officers, Andrew Jericho, Sgt. Mark Stoots and Captain Deborah Kelly, and two (2) John Doe Police Officers. See Complaint, Docket No. 1. Prior to trial, plaintiffs substituted Sgt. Jonathan Josey for one of the John Doe defendants. (Docket No. 45). In the Complaint, plaintiffs allege violations of their civil rights pursuant to the First, Fourth and Fourteenth Amendments and numerous state-based torts. Specifically, Plaintiffs brought the following thirteen (13) separate claims:

(1) All plaintiffs brought a 42 U.S.C. § 1983 First Amendment claim of Retaliation against all defendants;

(2) All plaintiffs brought a 42 U.S.C. § 1983 Unreasonable Use of Force/Excessive Force claim against all individual defendants;

(3) All plaintiffs brought a 42 U.S.C. § 1983 Conspiracy claim against all individual defendants;

(4) All plaintiffs brought a 42 U.S.C. § 1983 claim against defendant City of Philadelphia for municipal liability for a policy, practice or custom of allowing or acquiescing to civil rights deprivations by its police personnel;

(5) Plaintiff Timothy McKenna brought a 42 U.S.C. § 1983 Malicious Prosecution claim against individual defendants Jericho, Stoots and Kelly;

(6) Plaintiff Timothy McKenna brought a 42 U.S.C. § 1983 False Arrest claim against individual defendant Jericho;

(7) All plaintiffs have brought a 42 U.S.C. § 1983 claim against defendants Captain Kelly, Sgt Stoots and Sgt. Josey for supervisory liability;

(8) All plaintiffs have brought a state law claim of assault and battery claim against all individual defendants;

(9) Plaintiff Timothy McKenna brought a state law claim of false arrest and false imprisonment claim against defendant Jericho;

(10) Plaintiff Timothy McKenna brought a state law claim of abuse of process against individual defendant Jericho;

(11) Plaintiff Timothy McKenna brought a state law claim of malicious prosecution against individual defendants Kelly, Stoots and Jericho;

(12) All plaintiffs brought a state law claim for intentional infliction of emotional distress against all defendants; and

(13) All plaintiffs sought punitive damages against all individual defendants.

See, Complaint, Docket No. 1.

On June 6, 2007, Defendant City of Philadelphia moved for summary judgment on the municipal liability claim. (Docket No. 20). The Court by Order dated August 15, 2007 granted Defendant City's Motion and dismissed all claims by plaintiffs against defendant City of Philadelphia. (Docket No. 35). Therefore, plaintiffs were not a prevailing party as against defendant City of Philadelphia on any claims.

Prior to the commencement of trial, Defendants were successful on Motions in Limine to preclude 1) any and all IAD and disciplinary investigations pertaining to all individual defendants; 2) any and all prior lawsuits brought against individual defendants; and 3) any and all police regulations, policies and directives. See Docket No. 33 and Judge Ditter's oral ruling prior to commencement of trial on September 10, 2007. Therefore, plaintiffs are precluded from seeking attorney's fees for any time expended in relation to the above.

A jury trial commenced on September 10, 2007. At the conclusion of Plaintiffs' case-in-chief, Defendants moved pursuant to Rule 50 for the dismissal of plaintiffs' malicious prosecution claim, Count III of Plaintiffs' Complaint, and all claims asserted against defendant Captain Deborah Kelly. The Court granted defendants' Rule 50 motion and dismissed plaintiffs' malicious prosecution claim and all claims against Captain Deborah Kelly. (Docket No. 49). Therefore, plaintiffs are precluded from seeking attorney's fees for any time expended in relation to these claims.

After a four-day jury trial, the jury returned a verdict dated September 14, 2007. The Verdict Sheet consisted of 31 questions. (Docket No. 54). Of the 31 questions, the jury answered three (3) in favor of one plaintiff, Timothy McKenna. The jury found that plaintiff Timothy McKenna was arrested without probable cause, the conduct of Officer Jericho was the cause of an injury suffered by Timothy McKenna and Timothy McKenna was entitled to $150,000 to

compensate him for those injuries. (Docket No. 54). As for all remaining claims and plaintiffs, the jury found in favor of defendants. (Docket No. 54).

The jury did not find in favor of three of the four plaintiffs on any claims. This court dismissed one defendant, City of Philadelphia, prior to the commencement of trial. At the conclusion of plaintiffs' case, this Court dismissed a second defendant, Captain Deborah Kelly, from the case. The jury did find in favor of two of the three remaining defendants, Sgt. Stoots and Sgt. Josey. Only one plaintiff, Timothy McKenna, was successful on only one claim, False Arrest. Therefore, Plaintiffs were not prevailing parties against four (4) of the five (5) defendants and on twelve of the thirteen (13) different claims asserted by plaintiffs against defendants.

II.    **ARGUMENT**

A "prevailing party" in a civil rights action may recover attorneys' fees. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). In the instant action, only one out of four plaintiffs, Timothy McKenna, can even arguably be considered a "prevailing party". Timothy McKenna is an exceedingly limited "prevailing party", and, therefore, entitled to a limited amount of attorneys' fees for his case. As discussed below, defendants take issue with the amount of fees recoverable.

In determining the fee award, courts initially apply the "lodestar" formula, which requires multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. Pennsylvania Environmental Defense Foundation v. Cannon-McMillan School District, 152 F.3d 228, 231 (3d Cir. 1998). "Once the court has calculated the lodestar, it may adjust that amount, primarily based upon the degree of success that the plaintiff obtained." Id. at 232. "The most critical factor in determining a fee award's reasonableness is the degree of success obtained, since a fee based on the hours expended on the litigation as a whole may be excessive if a

plaintiff achieves only partial or limited success." <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992), <u>citing</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983).

In the Motion for Attorneys' Fees, Plaintiffs' counsel failed to address the issue of how they can reasonably be entitled to one hundred eighty-one thousand three hundred forty dollars ($181,340.00) in fees when three out of four of his clients were unsuccessful in their claims, four out of five defendants were either dismissed from the case or the jury found in their favor and the jury only found in favor of one plaintiff on one claim out of thirteen. Instead, in their fee petition, Plaintiffs' counsel remained silent regarding their lack of success on the merits of their numerous claims and focuses on the amount of compensatory damages awarded to the minor plaintiff on one claim of false arrest.

In the pages that follow, defendants apply this methodology to the fee petition of Plaintiffs' counsel.

### A. Fee Award for Mr. Puricelli Should Be Limited to $17,446.08 and Mr. Kravitz Should Be Limited to $2,060.00.

#### 1. The Appropriate Hourly Rate

In Plaintiffs' Petition, Mr. Puricelli seeks attorneys' fees for the work he performed at trial at the hourly rate of $400.00 and all other work at an hourly rate of $300.00. However, Mr. Puricelli calculated all of his attorney's fees in this case at an hourly rate of $400.00 ($400.00 x 427.6 hours = $171,040.00). This is in direct contravention of Mr. Puricelli's own admissions. Therefore, Defendants submit that Mr. Puricelli's hourly rate for all activities should be reduced to **$255.00** for the reasons set forth herein. <u>See</u> <u>Devore v. City of Philadelphia</u>, 2004 WL 414085 (E.D. Pa. Feb. 20, 2004); <u>see also</u> <u>Devore v. City of Philadelphia</u>, 2004 WL 846831 (E.D. Pa. Apr. 20, 2004).

In the instant matter, Mr. Puricelli's written work, including the complaint, motions, jury instructions, and the instant petition for attorneys' fees, is careless, vague, ambiguous, unintelligible, verbose, and repetitive. Mr. Puricelli's written work required defendants, and probably the Court, to spend an inordinate amount of time attempting to decipher plaintiff's claims, to the point that, at the commencement of trial, defendants and this Court were still unsure as to all of plaintiff's claims. In fact, plaintiff's own jury instructions did not address all of the claims that were contained in his complaint.

Mr. Puricelli's filings were replete with typographical errors. As an example, in his Petition for Attorneys' Fees, Mr. Puricelli misspells and/or misidentifies the name of Defendant Officer Andrew Jericho. Further, his filings, including the instant petition, were confusing and inaccurate.

1. Mr. Puricelli first claims he is entitled to his normal hourly rate of $400.00 an hour for trial and $300 an hour for non-trial time, yet he calculates his fee at a straight rate of $400.00 an hour. <u>See</u> Plaintiffs' Petition at Time Table Exhibit.

2. Although plaintiff did not bring an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e <u>et seq.</u>, Mr. Puricelli asserts that Congress has provided that a prevailing party in an employment discrimination action under Title VII . . . is entitled to an award of attorney fees and costs. <u>See</u> Plaintiffs' Memorandum at pages 5.

3. In this Memorandum, Mr. Puricelli claims to expended great deals of time in retaining experts, such as medical doctors and psychologists. <u>See</u> Plaintiffs' Memorandum at page 3.

4. Mr. Puricelli claims that his hourly rate is $400.00 for trial work and $300.00 for non-trial work. However, Mr. Puricelli fails to breakdown his time accordingly. <u>See</u> Plaintiffs' Memorandum at page 9.

5. Mr. Puricelli sets forth, "Brian Puricelli, Esquire, Esquire, worked 427.6, of which 90 hours was for "trial work" and 417.6 hours was for non-trial work. Thus, the fee at $400.00 an hour would be $171.040.00." Defense counsel is unaware of any type of mathematics that justifies this calculation. See Plaintiffs' Memorandum at page 9.

6.  Mr. Puricelli erroneously asserts that Magistrate Judge Hart approved an hourly rate of $300.00 per hour in the Devore matter. See Plaintiffs' Memorandum at page 15.

Defendants could continue with dissecting the numerous mistakes and inaccuracies within the instant petition, as well as plaintiffs' other filings, but defendants believe that this Honorable Court is well aware of those deficiencies. As Magistrate Judge Hart stated in the first Devore case, Mr. Puricelli's "complete lack of care in his written product shows disrespect for the court." Devore, 2004 WL 414085 at *3.

### a.  Mr. Puricelli's acceptable "Blended" hourly rate should not exceed $255.00

Defendants submit that the appropriate hourly rate for Mr. Puricelli of $300 should be reduced by **15%** due to the fact that Mr. Puricelli seeks to recover maximum attorney partner rates for each and every task undertaken during this litigation. In setting a reasonable fee, courts must examine whether a paralegal, clerk, or less-senior attorney could have performed some litigation tasks. See Becker, 15 F. Supp. 2d at 632; see also In re. Fine Paper Antitrust Litigation, 751 F.2d 562, 591-93 (3d Cir. 1984) (refusing to award partner rates for work that could have been handled by less-experienced associate); Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161, 167 (3d Cir. 1973) (attorney's reasonable rate of compensation "differs for different activities"); Jackson v. Philadelphia Housing Auth., 858 F. Supp. 464, 475-76 (E.D. Pa. 1994) (refusing to award partner rates for work that could have been handled by less-experienced associate). As the Third Circuit has observed, "[a] Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983).

"Where (as here) the movant attempts to recover a single attorney rate for every litigation task, the reviewing court is not required to appropriate different hourly rates on a "task-by-task

basis." Becker, 15 F. Supp. 2d at 632. Rather, the court may simply "arrive at a 'blended rate' which will take into account the varying nature of the tasks performed by counsel." Id. For the reasons explained below, a 15% reduction in the total hourly rate is necessary in order to achieve an acceptable "blended" rate.

The time records attached to plaintiffs' fee petition reveal that Mr. Puricelli seeks to recover at full attorney rates for paralegal/secretarial tasks such as, inter alia: "Client contact re: filing fee-still waiting" (12/20/06), "Call client re still waiting for filing fee" (01/10/07), "Summons received. conform for service" (01/13/07), "Order in. re: pretrial R16 conference set" (02/16/07), "Order in – case reassigned" (03/06/07), "Order in – R16 conference set with new Judge" (03/06/07), "Email to clients re: R16 conf and order" (03/15/07), "Email attachment (DVD) and ltr and hard copy of med recd DVD to o/c Straw" (03/23/07), "Email and Ltr and release (medical) to o/c Straw" (03/27/07), "Email from client re: Dep dates for all parties" (04/07/07), "Email to straw re: deps, confirm all Ptfs to appear, reqst conf all def to appear" (04/07/07), "Order in, re: discovery due 5/30" (04/30/07), "Email form straw re: dep for Stoots" (05/15/07), "Email to straw re: Stoots dep" (05/22/07), "prep subpoena and send to all Ptfs" (05/29/07), "Order in - trial continued – from 6/4 to 6/18" (05/30/07), "Fax in from Ct re: Order" (06/01/07), "Appr of Mark Maguire for defendants" (06/05/07), "Research Def facts and law and review Def exhibits" (06/07/07), "Review, format and file pretrial submissions: proposed jury instructions verdict sheet, wit and exhibit lists"(06/11/07), "Email from client re: potential wit names" (06/14/07), "Order reviewed (6/15) trial continued" (06/17/07), "Order in trial set for 7-30" (06/22/07). See Plaintiff's Petition for Attorneys' Fees, Time Table.

The above clearly demonstrates that Mr. Puricelli did not spend all of his time performing "attorney work" at the rate of $300.00 or $400.00 per hour. Rather, much of plaintiff's counsel's

work is properly characterized as "paralegal" or "secretarial" or "junior associate" work.  By applying a single hourly rate ($400.00) to every task that he performed, Mr. Puricelli failed to account for, or even take into consideration, the non-attorney work and non-trial hours that he performed by applying a reduced hourly rate.  Defendants do not begrudge Mr. Puricelli for undertaking non-attorney work or non-partner work.  However, defendants do submit that plaintiffs' counsel should not recover for such work at partner attorney rates.

For all of the above reasons, defendants request that Mr. Puricelli's fee award be calculated based on a **"blended" hourly rate of $255.00 (15% of $300.00)** for all services performed in this matter.  Since Mr. Puricelli has failed to provide a breakdown of trial and non-trial time and has calculated his entire fee based on an hourly rate of $400.00, which is not reasonable, Defendants request that Mr. Puricelli's compensation should be calculated for the total hours of work (427.6) at an hourly rate of $255.00 for a total of $109,038.00.  Thus, Mr. Puricelli's attorney's fees should be reduced from $171.040.00 to **$109,038.00.**

## 2. <u>The Hours Reasonably Spent On The Litigation</u>

Mr. Puricelli's petition seeks reimbursement for 427.6 hours of work.  As is discussed herein, defendants respectfully request that this amount be reduced to **342.08** hours (a 20% reduction).

Mr. Puricelli unreasonably billed for work conducted on this case.  A clear example of Mr. Puricelli's excessive billing is set forth in the Time Table attached to Plaintiffs' Petition for April 12, 2007.  On April 12, 2007. Mr. Puricelli billed as follows: "Ptfs dep – 4.2 hours"; "Prep for defs dep – 8.7"; "Conference w/ clients and TMK post dep. Re: deps and def dep strategy – 1.6"; "Def Jericho and Kelly's Dep Stoots no show – 7.8".  <u>See</u> Plaintiff's Petition for Attorneys' Fees, Time Table.  Based on the above time entries, Mr. Puricelli worked a total of 22.3 hours on

April 12, 2007. In addition, Mr. Puricelli had time entries exceeding 20 hours for work performed on jury instructions, which were taken directly from the 3rd Circuit Model Jury Instructions. <u>See</u> Plaintiff's Petition for Attorneys' Fees, Time Table.

For the reasons set forth above, defendants request that the amount of reasonable hours expended by Mr. Puricelli in litigating this action be set at **no greater than 342.08 hours at a rate of $255.00 per hour for a total of $87,230.40.**

### 3. Calculating the Lodestar

As was noted above, the lodestar amount equals attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. <u>Pennsylvania Environmental Defense Foundation</u>, 152 F.3d at 231. The party seeking attorney's fees must establish the reasonableness of its fee request by submitting evidence of the hours worked and the hourly rate claimed. <u>Rode</u>, 892 F.2d at 1183. Once the adverse party raises objections to the fee request, the court has a great deal of discretion to adjust the fee award in light of those objections. <u>Bell v. United Princeton Prop., Inc</u>., 884 F.2d 713, 721 (3d Cir. 1989).

Applying this formula to the instant action, defendants submit that the lodestar amount applicable to plaintiffs' attorneys' fee petition for Mr. Puricelli should not exceed **$87,230.40** ($255/hr. x 342.08 hours = $87,230.40).

### 4. Reduction to the Lodestar

"Once the court has calculated the lodestar it may adjust that amount, primarily based upon the degree of success that the plaintiff obtained." <u>Pennsylvania Environmental Defense Foundation</u>, 152 F.3d at 232. This adjustment is taken "independently" of any previous lodestar adjustments. <u>See</u> <u>Rode</u>, 892 F.2d at 1183. Furthermore, the court should reduce or strike hours spent on tasks that are distinct from the legal claims on which the party did succeed. <u>See</u> <u>Rode</u>,

892 F.2d at 1183.  For example, in <u>Younger v. City of Philadelphia</u>, 1990 WL 87378, *3 n. 7 (E.D. Pa. 1990), this Court refused to reimburse plaintiff for time spent on a motion for sanctions that was eventually denied.  <u>See also</u> <u>Rode</u>, 892 F.2d at 1186 (disallowing recovery for work on motions that did not impact the result of the litigation).

In <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), the Supreme Court "clarif[ied] the proper relationship of the results obtained to an award of attorney's fees."  <u>Id.</u> at 433.  The Court explained that, after arriving at the lodestar amount, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'"  <u>Id.</u> at 434.  The "results obtained" analysis may be applied, <u>inter</u> <u>alia</u>, to cases in which "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories."  <u>Hensley</u>, 461 U.S. at 435.  Under such circumstances, "the district court should focus on the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  <u>Id.</u>

As the Third Circuit Court of Appeals recently made clear, <u>Hensley</u> does not permit the district court to "diminish counsel fees . . . to maintain some ratio between the fees and the damages awarded."  <u>Washington</u>, 89 F.3d at 1041.  However, the Circuit Court reaffirmed the well-established principle "that 'the amount of compensatory damages awarded may be taken into account when awarding attorneys' fees to a civil rights plaintiff.'"  <u>Id.</u> at 1041-42 (quoting <u>Abrams v. Lightolier</u>, 50 F.3d 1204, 1222 (3d Cir. 1995)); <u>see also</u> <u>id.</u> at 1042 n. 8.

If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  <u>Hensley</u>, 461 U.S. at 436.  Importantly, "[t]his will be true even where the plaintiff's claims were interrelated . . . ."  <u>Id.</u>; <u>see  also</u> <u>Clarke v. Whitney</u>, 3 F. Supp. 2d 631, 636

(E.D. Pa. 1998) (loadstar reduction for limited results obtained applies to cases where unsuccessful claims are related to successful claims). **"The most critical factor in determining a fee award's reasonableness is the degree of success obtained, since a fee based on the hours expended on the litigation as a whole may be excessive if a plaintiff achieves only partial or limited success."** (emphasis supplied) <u>Farrar v. Hobby</u>, 506 U.S. 103 (1992), <u>citing</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983).

Applying the above principles, courts significantly reduce the lodestar in cases in which a plaintiff fails to prevail on related legal claims. <u>See</u>, <u>e.g.</u>, <u>Orson, Inc. v. Miramax Film Corp.</u>, 14 F. Supp. 2d 721, 727 (E.D. Pa. 1998) (reducing lodestar by 75%); <u>Clarke</u>, 3 F. Supp. 2d at 636-37 (reducing lodestar by 25%); <u>Schofield v. Trustees of University of Pennsylvania</u>, 919 F. Supp. 821, 831-32 (E.D. Pa. 1996) (reducing lodestar by "two-thirds"); <u>Planned Parenthood of Southeastern Pa. v. Casey</u>, 869 F. Supp. 1190, 1198-99 (E.D. Pa. 1994), <u>aff'd</u>, 60 F.3d 816 (3d Cir. 1995) (reducing lodestar by 60%); <u>Rainey v. Philadelphia Housing Auth.</u>, 832 F. Supp. 127, 131-32 (E.D. Pa. 1993) (reducing lodestar by 60%); <u>Davis v. Southeastern Pennsylvania Transportation Authority</u>, 735 F. Supp. 158, 161-62 (E.D. Pa. 1990), <u>aff'd</u>, 924 F.2d 51 (3d Cir. 1991) (reducing lodestar by "two-thirds").

In the instant matter, four (4) plaintiffs sued (4) individual defendants, as well as defendant City of Philadelphia, alleging thirteen (13) distinct claims. Prior to the trial, the Court granted Defendant City of Philadelphia's Motion for Summary Judgment dismissing all claims against the City. In addition to granting Defendant City's Motion for Summary Judgment, the Court granted Defendants' Motion in Limine to preclude the introduction of any IAD investigations, disciplinary actions, lawsuits, personnel files and police directives or policies. At the conclusion of Plaintiffs' case-in-chief, the Court granted Defendants' Rule

50 Motion dismissing all claims against Defendant Captain Kelly and dismissing Plaintiffs' malicious prosecution claim. Finally at the conclusion of the trial, the jury did not find in favor of three plaintiffs, Michael McKenna, Beth McKenna and Patricia Sullivan, on any claims against any defendants. Further, the Court found in favor of only one plaintiff, Timothy McKenna, and against one defendant, Officer Jericho, on one claim – False Arrest. Therefore, the sole "prevailing" plaintiff, Timothy McKenna, was only successful against one individual defendants on one of thirteen (13) different claims and was not successful against the four other defendants on any claims. Since only one plaintiff out of four received a verdict in his favor on one of thirteen claims alleged against one of five Defendants, this can hardly be considered a "success." Simply, three plaintiffs were completely unsuccessful on all claims against all five defendants and plaintiff, Timothy McKenna, was unsuccessful on a majority of his claims.

Mr. Puricelli has failed to provide the Court with an itemized statement of legal fees for work related to the individual plaintiffs, individual claims and individual defendants. As noted above, the Supreme Court has held that an award for attorneys' fees must be related to the claim(s) upon which plaintiff(s) prevailed. In other words, the false arrest claim brought against defendant Officer Jericho is the only claim for which plaintiffs' attorneys' fees should be recoverable.

Plaintiffs' attorneys' fee petition reflects all work performed on all claims against all defendants, whether successful or not. Notably absent from Plaintiffs' fee petition is a recitation of their limited success on the merits of the case. Following Supreme Court precedent, an award for attorney's fees must be related to the claim(s) upon which plaintiff prevailed. Therefore, Defendants submit that in conjunction with the legal authority set forth above, an **80%**

**reduction** should be applied to the lodestar amount in this case. The 80% reduction is consistent with one of four plaintiff's small percentage of success on the merits of his case. As Mr. Puricelli fails to assert in his Motion, only one (1) of four (4) plaintiffs were awarded any damages in this case for one claim against one defendant.

In sum, defendants respectfully request that the **$87,230.40** lodestar amount (as calculated *supra*) be reduced by **80%** (or by $69784.32), and that **Mr. Puricelli be awarded total counsel fees of $17,446.08**. In addition, Mr. Puricelli's co-counsel, Mr. Kravitz's fee petition should be reduced by 80% based on the limited success of this case. Therefore, Mr. Kravitz should be awarded total counsel fees of **$2,060.00** ($10,300 x 80% = $2060.00). Based on the limited results in this case, these attorneys' fee amounts are both significant and just.

### III. Plaintiffs' Motion for Post-Judgment Interest and Delay Damages Should Be Denied.

Plaintiffs have requested delay damages on the jury award, which includes damages awarded pursuant to §1983. Plaintiffs' reliance on Rule 238 of the Pennsylvania Rule of Civil Procedure is misplaced. Therefore, Plaintiffs' request for delay damages should be denied.

As plaintiffs cannot dispute, delay damages are not applicable to plaintiffs' §1983 claim. Where a plaintiff's damages are "predicated upon a violation of a federal statute, state substantive law, particularly Pennsylvania Rule of Civil Procedure 238, is not implicated." Savarese v. Agriss, 883 F.2d 1194, 1207 (3d Cir. 1989); see also Simmons v. City of Philadelphia, 947 F.2d 1042, 1088 (3d Cir. 1988) ("Savarese …would appear to require that the amount of delay damages awarded in the case be reduced to cover only that portion of the jury's verdict that is attributable to plaintiff's state claims.")

Further, Rule 238's award of delay damages is strictly limited to cases involving "Bodily Injury, Death, or Property Damage." The Pennsylvania Supreme Court has held that a literal and

non-expansive interpretation should be applied to Rule 238 so that delay damages are to be awarded only in cases falling clearly within the purview of the "bodily injury, death or property damage" requirement. <u>Anchorstar v. Mack Trucks, Inc.</u>, 533 Pa. 177, 620 A.2d 1120 (1993). In <u>Anchorstar</u>, the plaintiff/wife sought delay damages on her claim for loss of consortium. The Court affirmed the trial court's denial of delay damages, explaining that while a loss of consortium claim stems from the spouse's bodily injury, it is nevertheless a separate and distinct claim. The Court noted that one who has suffered a loss of consortium has not sustained a bodily injury but rather has experienced an injury to marital expectations. <u>See also Goldberg v. Isdaner</u>, 2001 PA Super 180, P6-P7 (Pa. Super. Ct. 2001).

Pennsylvania courts have strictly applied the requirement of "bodily injury" in determining whether the award of delay damages is appropriate. The Pennsylvania Supreme Court held that delay damages could not properly be added to the compensatory damages award in an action for malicious prosecution since it was not an action for "damages for bodily injury." <u>See Wainauskis v. Howard Johnson Co.</u>, 488 A.2d 1117, 1125 (Pa. Super. 1985). The Pennsylvania Superior Court similarly has similarly concluded that delay damages are not available in an action for tortious interference with a contract where the compensatory damages represented lost earnings and profits. <u>See Temporaries, Inc. v. Krane</u>, 472 A.2d 668 (Pa. Super. 1984). The Superior Court further has determined that claims for emotional injury, loss of reputation, humiliation and mental anguish did not constitute claims for "bodily injury" within the meaning of Rule 238. <u>See Butler v. Flo-Ron Vending Co</u>., 557 A.2d 730, 739-41 (Pa. Super. 1989) appeal denied, 567 A.2d 650 (Pa. 1989). Also, the Superior Court affirmed the trial court's order which had denied a motion for assessment of delay damages in a libel action. <u>See Geyer v. Steinbronn</u>, 506 A.2d 901 (Pa. Super. 1986).

At least one Pennsylvania trial court has directly held that a false arrest claim is not a bodily injury claim, and, accordingly, delay damages are not permitted under Rule 238. In Kobaly v. Scoa Industries, Inc., Dec. LEXIS 197, 4-5 (Pa. C.C.P. 1984), the plaintiff sought delay damages associated with his false arrest and false imprisonment claims. Plaintiff asked the Court to conclude that false arrest constitutes a "bodily injury" claim. The Court declined to do so, noting that the phrase 'bodily injury' is clear and unambiguous, and does not include mental or emotional harm. The Court stated:

> if the Supreme Court had intended to include mental or emotional harm in the granting of delay damages then it could have used a more liberal term than 'bodily injury' in the rule. For example, it might have employed the term 'personal injury' or even the phrase 'any injury arising from tortuous conduct.' However, the Supreme Court chose the words 'bodily injury' with apparent intent to limit delay damages to just physical harm.

Id. at *4-5.

Plaintiffs' request for delay damages on the false arrest claim must be denied, because the Rule allows for award of delay damages only in "bodily injury" claims.

In any event, the decision to award delay damages is committed to the sound discretion of the trial court. Plaintiffs commenced this action in January of 2007. A verdict by the jury was returned on September 14, 2007. Based on the applicable law and the expedited manner in which this case proceeded, Plaintiffs are not entitled to any delay damages. In addition, Defendants are processing the Judgment in this case for payment at this time.

## III.  CONCLUSION

For the reasons set forth herein, defendants respectfully request that plaintiffs' be awarded reasonable attorneys' fees not to exceed **$17,446.08 to Mr. Puricelli and $2,060.00 to Mr. Kravitz**. Further, defendants respectfully request that plaintiffs' request for post-judgment interest and delay damages be denied.

Respectfully submitted,

Dated: October 3, 2007

_____CS963_____
CRAIG M. STRAW
Divisional Deputy City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
(215) 683-5440

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that a copy of Defendants' Opposition to Plaintiffs' Petition for Attorney's Fees, Costs, Interest and Delay Damages was filed electronically, and is available for viewing and downloading on the Court's ECF system.  I further certify that I directed that a copy should be sent via first class mail upon counsel for plaintiffs, addressed as follows:

Brian M. Puricelli, Esquire
691 Washington Crossing Road
Newtown, PA 18940

BY:    _____CS963_____
CRAIG M. STRAW
Divisional Deputy City Solicitor

DATED:  October 3, 2007